CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
November 10, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ROBERT MCKINLEY BLANKENSHIP,** | |
| Plaintiff, | Case No. 7:25CV00477 |
| v. | **OPINION** |
| **JIM TERRY SHORTT,** | JUDGE JAMES P. JONES |
| Defendant. | |

*Robert McKinley Blankenship, Pro Se Plaintiff.*

The plaintiff, Robert McKinley Blankenship, a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983. He alleges that the defendant, who participated in criminal proceedings against him, caused his illegal detention. I conclude that the § 1983 action must be summarily dismissed.

Blankenship, who was tried in the Circuit Court for the County of Tazewell, complains that "[a]ttorney Jim T. Shortt committed intentional fraud by falsifying legal documents . . . that intentionally lead to false imprisonment." Compl. 2, Dkt. No. 1. According to Blankenship's Brief in Support of the complaint, the defendant was appointed to represent him in a criminal proceeding in 2012, which ultimately resulted in his confinement. *Id.* at Br. Supp. 2, Dkt. No. 1-1. As relief, Blankenship

seeks monetary damages and requests that his sentence be vacated. Compl. 2, Dkt. No. 1.

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. *Eriline Co. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). The court must dismiss a case "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

To state a claim under § 1983, the plaintiff must state facts showing that a person acting under color of state law undertook conduct that violated the plaintiff's constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). It is well settled that an attorney, even when appointed by the court, does not act under the color of state law when representing a defendant in a criminal case. *Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980). Stated differently, the Fourth Circuit Court of Appeals has explained that

> Defense attorneys do not act "under color of" state law and are, therefore, not amenable to suit under § 1983, whether privately retained, *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976), appointed by the state, [*Hall*, at 1155-56], or employed as public defenders, *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

*Ward v. Ghee*, No. 92-6975, 1993 WL 410357, at *1 (4th Cir. 1993) (unpublished).

Here, the factual allegations do not support a claim that the defendant acted under color of state law and Blankenship has failed to state a claim on which relief

can be granted. Because Blankenship has made claims against the attorney appointed to represent him in underlying criminal proceedings, his Complaint cannot survive under § 1983.

To the extent that Blankenship challenges the validity of his confinement and seeks to be released from incarceration, such relief is not available in a § 1983 action. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Blankenship "must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78, (2005).

Accordingly, I will summarily dismiss the Complaint without prejudice under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

A separate Final Order will be entered herewith.

DATED: November 10, 2025

/s/ JAMES P. JONES
Senior United States District Judge