CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
December 03, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
   DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **ROBERT MCKINLEY BLANKENSHIP,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25CV00477 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **JIM TERRY SHORTT,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Robert McKinley Blankenship, Pro Se Plaintiff.*

The plaintiff, Robert McKinley Blankenship, a Virginia inmate proceeding pro se, filed a civil rights action under 42 U.S.C. § 1983, claiming that the defendant, who participated in criminal proceedings against him, caused his illegal detention. By Final Order dated November 10, 2025, I dismissed the action without prejudice for the reasons set forth in an accompanying Opinion. Mr. Blankenship thereafter filed a Motion for Reconsideration, which I denied by Minute Order. This Opinion sets forth the reasons for my denial.

Rule 60 of the Federal Rules of Civil Procedure permits courts to relieve a party from a final order under a limited set of circumstances. Fed. R. Civ. P. 60(b). However, no such circumstances exist here. Blankenship requests that the court reconsider dismissal "on the grounds that attorney Jim Shortt did not represent Mr.

Blankenship" and asserts that the defendant instead, "acted in collusion and conspiracy with assistant prosector Brandon Goings."  Pet'r's Mot. for Recons., Dkt. No. 12.  Despite this allegation, based upon Blankenship's initial claims and exhibits provided with the Complaint, the defendant was Blankenship's court-appointed attorney.  Compl. Attach. State Ct. Docs. 10, Dkt. No. 1-3.  Even if the defendant "pretended to represent Mr. Blankenship," his claims still do not state a cause of action under 42 U.S.C. § 1983.  Br. Supp. 5, Dkt. No. 1-1; *Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980) (providing that attorneys appointed by the state are not subject to suit under §1983).

As I previously stated in the Opinion dismissing this matter, if Blankenship desires to challenge his conviction, he may seek habeas corpus relief.

DATED:   December 3, 2025

/s/  JAMES P. JONES
Senior United States District Judge