CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
December 30, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
     DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ROBERT MCKINLEY BLANKENSHIP,** | ) |
| Plaintiff, | ) Case No. 7:25CV00477 |
| v. | ) **OPINION AND ORDER** |
| **JIM TERRY SHORTT,** | ) JUDGE JAMES P. JONES |
| Defendant. | ) |

*Robert Mckinley Blankenship, Pro Se Plaintiff.*

The plaintiff, a Virginia inmate proceeding pro se, filed a civil rights action under 42 U.S.C. § 1983, claiming that the defendant, a private lawyer who represented him in criminal proceedings, violated his rights. By Final Order entered November 10, 2025, Dtk. No. 9, I dismissed the action, noting that because a § 1983 complaint is not the appropriate vehicle for obtaining the relief requested, Blankenship may file an action for habeas corpus relief. Now pending is Blankenship's "Motion to Reinstate and Amend Lawsuit." Upon review, I conclude that the motion must be denied.

First, Blankenship's lawsuit will not be reinstated for the reasons previously stated. As I have explained, because Blankenship improperly named his court-appointed attorney as a defendant in a § 1983 action, dismissal without prejudice is

appropriate and relief from the Final Order is not permissible under Federal Rule of Civil Procedure 60(b) where extraordinary circumstances were not shown.

It follows that Blankenship cannot be granted leave to amend his previously filed Complaint. Under Federal Rule of Civil Procedure 15(a), it is within the court's discretion to grant leave to amend a pleading when justice so requires. In the post-judgment context, however, the Supreme Court has recently clarified that the Rule 15 standard for amendments "does not govern when, following a final judgment, the case is closed and there is no pending pleading to amend." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 213–14 (2025); *see also Daulatzai v. Maryland*, 97 F.4th 166, 176 (4th Cir. 2024) ("It is well established, and indeed logical, that before the district court could consider [a] motion for leave to file an amended complaint, [a plaintiff] would have to succeed in vacating the final judgment that had been entered . . . .").

Even if I could grant Blankenship leave to amend at this stage, such an amendment would be futile in consideration of the allegations in Blankenship's pending motion. *See Id.* at 177 (if a judgment is vacated, a post-judgment motion to amend should be evaluated "'under the same legal standard as a similar motion filed before judgment was entered — for prejudice, bad faith, or futility'") (quoting *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011)). A proposed

amendment is futile if the claim would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id.*

In the present motion, Blankenship maintains allegations regarding conduct by his court-appointed attorney, Shortt. However, I have already determined that such assertions fail to state a claim on which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). Therefore, to the extent Blankenship seeks to amend the Complaint to maintain allegations against Shortt, such amendment would be futile.

Blankenship further requests that the Complaint be amended to include the prosecuting attorneys, Brandon Goings and Dennis Lee, as well as an unnamed individual who prepared a "fraudulent bill of indictment" in his underlying criminal proceedings. Mot. 1, Dtk. No. 15. He insists that the Commonwealth, prosecutor, and assistant prosecutor "did act under color of law by fraudulently misrepresenting the Nolle Prosequi of the warrant," and "acted in conspiracy, under scheme of fraud, with attorney Jim Terry Shortt" by "indicting three charges that were never made" and "attempting to force a plea agreement." *Id.* 1–3. However, the addition of these parties and the claims against them would not survive dismissal because such parties would be immune from suit under § 1983 based on their performance of prosecutorial functions related to court proceedings. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (holding that prosecutorial immunity extends to actions "in initiating a prosecution and in presenting the State's case").

Accordingly, for the reasons stated, it is **ORDERED** that Blankenship's Motion to Reinstate and Amend Lawsuit, Dkt. No. 15, is DENIED.

ENTER: December 30, 2025

/s/ JAMES P. JONES
Senior United States District Judge